UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BASIT SYED AND AYESHA SYED, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:07-CV-71-TS |
| | ) | |
| MICHAEL HAMADY, Individually and in | ) | |
| his Capacity as a Lake County Police | ) | |
| Officer, and ROGELIO DOMINGUEZ, | ) | |
| in his Official Capacity as the Lake County | ) | |
| Sheriff, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' Motion for Leave of Court to File Belated Response to Defendants' Motion for Summary Judgment [DE 48], filed on February 5, 2010. The Plaintiffs' response to the Motion for Summary Judgment was due on or before July 27, 2009.

**BACKGROUND**

On March 7, 2007, the Plaintiffs, Basit Syed and Ayesha Syed, filed a Complaint under 42 U.S.C. § 1983 against Michael Hamady, individually and in his capacity as a Lake County Police Officer, Rogelio Dominguez, in his official capacity as the Lake County Sheriff, and members of the Lake County Council in their official capacities. Upon stipulation of the parties, the Lake County Council members were dismissed from the suit. On June 5, 2009, the remaining Defendants, Hamady and Dominguez, filed a joint Motion for Summary Judgment seeking summary judgment on all claims in the Complaint. The Plaintiffs were granted two extensions of time to respond, with the final extension setting July 27, 2009, as the deadline.

The Plaintiffs did not file their response on July 27. Nor did they seek any further extensions or otherwise notify the Court that they were unable to file a response. On October 29, the Court set a telephone conference with parties' counsel to discuss the status of the Motion for Summary Judgment. The Court was unable to contact the Plaintiffs' counsel, Jancie R. Gambill, to take part in the conference. The Court indicated that it would reschedule the conference, but directed that counsel for the Defendants contact Ms. Gambill before the date of the next conference.

In accordance with the Court's directive, John M. Kopack, counsel for one of the Defendants, sent a message to Ms. Gambill by means of electronic mail and fascimile. He indicated that the Court had not been able to reach her to participate in the conference, and that the Court had requested that counsel confer before the next conference. There is no documented response by Ms. Gambill to Mr. Kopack's message. On December 16, the Court set a second conference, which it conducted with parties' counsel on January 21, 2010. During this conference, Ms. Gambill indicated that she had problems with the Court's electronic filing system when she tried to file the Plaintiffs response to the Defendants' Motion for Summary Judgment, and that she had made the Defendants' counsel aware of this fact. The Court directed that if Ms. Gambill intended to oppose the Motion for Summary Judgment, she would have to file a motion asking for leave to file a belated response to the Motion for Summary Judgment.

On February 5, the Plaintiffs filed a Motion for Leave of Court to File Belated Response to Defendants' Motion for Summary Judgment. In the Motion, Ms. Gambill indicates that she attempted to electronically file the response on July 27, 2009, but was unable to log onto the court's website to do so. She stated that she contacted Mr. Kopack's office that same evening

and left a voicemail explaining that she was unable to file the response, but that she would forward it to his office the next day. Ms. Gambill explains that she was out of the office due to illness on July 29, 2009, "and had a good faith belief that Defendants' counsel received the Response." (Pls.' Motion ¶ 8, DE 48.)

In their Response to Plaintiffs' Motion for Leave of Court to File Belated Response to Defendants' Motion for Summary Judgment, Mr. Kopack acknowledges that Ms. Gambill left the July 27 voicemail regarding her inability to electronically file a response to the Motion for Summary Judgment. The Defendants' Response also states that an employee from his office followed-up with Ms. Gambill by leaving messages on her office and cellular phones, that Mr. Kopack did not receive any return call from Ms. Gambill, and that he did not receive a copy of the Plaintiffs' response, either on July 28 or any time thereafter. The Defendants object to allowing the Plaintiffs to file a belated response, citing (1) the Plaintiffs' failure to notify the Court of any technical difficulties in filing a response, despite mechanisms in the CM/ECF Manual for doing so, and (2) their failure to ever provide the Defendants with a copy of the response.

**ANALYSIS**

Federal Rule of Civil Procedure 6 specifies how time periods related to the filing of motions and other papers are to be calculated. It is undisputed that the Plaintiff did not file a response to the Defendant's Motion within the time allowed by the Rules of Civil Procedure and this district's local rules. However, Rule 6(b) discusses circumstances under which an enlargement of time may be granted, even when it is received after the time has expired. In such

cases, the court for "good cause" may grant an extension if the court is satisfied that "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

In the Rule 6(b) context, the Supreme Court has stated that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993) (footnote omitted). Thus, this "elastic concept" may include, under appropriate circumstances, neglect due to simple, faultless omissions to act or carelessness. *Id.* at 388. The determination of whether the Plaintiff's neglect is "excusable" is ultimately "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Those factors include evaluating the danger of prejudice to the non-moving party, the length of delay and its potential impact on the court's proceedings, the reason for the delay, including whether the delay was in the movant's control, and whether the movant acted in good faith. *Id.*

The Plaintiffs have not offered any explanations for their delay that can be considered excusable neglect. First, Ms. Gambill's Motion does not explain why she did not inform the Court or the Clerk of Court that she could not file her response in a timely manner due to technical difficulties. Although the technical difficulty may have been a factor that was out of her control, it was well within her control to inform the Court of the problem. The CM/ECF User Manual, Section VI, Technical Failures, directs that

> [i]f the attorney is unable to file a document in a timely manner due to technical difficulties in the user's system, the attorney must file a document with the court as soon as possible notifying the court of the inability to file the document. A sample document entitled Declaration that Party was Unable to File in a Timely

Manner Due to Technical Difficulties is attached hereto as Form 5.
N.D. Ind. CM/ECF Civil and Criminal User Manual, VI.B. Moreover, the Plaintiffs were aware from their previous extensions that the Court was willing to entertain motions of that nature. Yet, the first docket activity after July 27 is nearly three months later, on October 19, when the Court scheduled a telephone conference for October 29 to discuss the status of the Motion for Summary Judgment. Ms. Gambill contends that during the October 29 conference she could hear the conference operator on her cellular phone, but he could not hear her. However, this does not explain why Ms Gambill did not herself attempt to contact the Court when she realized that she could not be heard, or after Mr. Kopack advised her that the Court was unable to reach her to participate in the conference. The very first time that the Court heard any explanation from Ms. Gambill regarding her failure to file a response to the Motion for Summary Judgment was on January 21, 2010, nearly six months after the deadline had passed. The explanation she offered (that she had technical difficulties on July 27) only addressed the failure to file a response on July 27: it did not address why no response had been filed in the months that had passed since she first experienced technical difficulties. The explanation revealed that the Plaintiffs did not take quick action to attempt to correct the problem.

Second, Ms. Gambill's only defense to her failure to provide a copy of the response to the Defendants is that she was out of the office but "had a good faith belief" that Defendants' counsel received it. She does not explain what, if anything, contributed to her good faith belief. In any event, even if Ms. Gambill believed that the Defendants manually received a copy of the Plaintiffs' response, their receipt would not constitute filing with the Court, or notice to the Court of her technical difficulty.

Although missing the July 27 deadline may have been the result of circumstances outside the Plaintiffs' control, the ensuing six month delay was not. Further, this delay was not accompanied by any good faith attempt to correct the problem. The delay has caused this case and the ruling on the Defendant's Motion for Summary Judgment to stall. To avoid prolonging this case any further, the Court will consider the Defendants' Motion for Summary Judgment and will render judgment for the Defendants "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In making its determination, the Court will "assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy." N.D. Ind. L.R. 56.1(b).

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Leave of Court to File Belated Response to Defendants' Motion for Summary Judgment [DE 48] is DENIED. The Court takes under advisement the Motion for Summary Judgment by All Defendants [DE 36].

SO ORDERED on March 4, 2010.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION