UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BASIT SYED AND AYESHA SYED, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:07-CV-71-TS |
| | ) | |
| MICHAEL HAMADY, Individually and in his Capacity as a Lake County Police Officer, and ROGELIO DOMINGUEZ, in his Official Capacity as the Lake County Sheriff, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Motion for Summary Judgment by All Defendants [DE 36], filed by Defendants Michael Hamady and Rogelio Dominguez on June 5, 2009.

**BACKGROUND**

On March 7, 2007, the Plaintiffs, Basit Syed and Ayesha Syed, a husband and wife, filed a Complaint under 42 U.S.C. § 1983 against Michael Hamady, individually and in his capacity as a Lake County Police Officer, Rogelio Dominguez, in his official capacity as the Lake County Sheriff, and members of the Lake County Council in their official capacities. The Plaintiffs alleged that Hamady violated their First Amendment rights of freedom of religion, freedom of speech, and freedom of assembly when he engaged in a "campaign to discredit the Plaintiffs in their community and conducted undercover surveillance on the Plaintiffs while out of his jurisdiction, in an unmarked car." (Pls.' Compl. ¶ 13.) The Plaintiffs claim that Dominguez, as the Sheriff of Lake County, violated their First Amendment rights when he told the Plaintiffs that action had been taken to address a citizen complaint they filed against Hamady with the Lake

County Sheriff's Department, but they were not provided with any information about the action taken and Hamady was later promoted. The Plaintiffs also invoke the Court's supplemental jurisdiction to assert state law claims against Hamady and Dominguez for defamation per se, and against Hamady for intentional infliction of emotional distress and negligent infliction of emotional distress.

Upon stipulation of the parties, the Lake County Council members were dismissed from the suit. On June 5, 2009, the remaining Defendants, Hamady and Dominguez, filed a joint Motion for Summary Judgment seeking summary judgment on all claims in the Complaint. In support of their Motion, the Defendants' designated a Memorandum of Law and Statement of Material Facts in Support of Summary Judgment [DE 38], the pleadings, and discovery materials [DE 36, Exs. 1–7.] On March 4, 2010, the Court denied the Plaintiffs' Motion for Leave of Court to File Belated Response to Defendants' Motion for Summary Judgment [Opinion and Order, DE 50.]

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The court must consider the evidence as a jury might, "construing the record in the light most favorable to the nonmovant and avoiding the temptation to decide which party's version of the facts is more likely true." *Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1009 (7th Cir. 1999); *see also Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (noting the often-stated proposition that "summary judgment cannot be used to resolve swearing contests between litigants"). The court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## STATEMENT OF FACTS

In determining what facts this Court should rely upon in ruling on the Defendants' Motion for Summary Judgment, the Court considers the requirements of Northern District of Indiana Local Rule 56.1. This Rule provides that the party responding to a motion for summary judgment must include a statement of genuine issues together with appropriate citations. Failure to do so results in the Court accepting as true all properly supported facts presented in the moving party's statement of material facts. N.D. Ind. L.R. 56.1(b). The Plaintiffs failed to submit a timely response to the Defendants' Motion for Summary Judgment, and the Court denied their request to file a belated response for failure to meet the excusable neglect standard of Rule 6. This Court has reviewed Defendants' Statement of Material Facts and finds that they are adequately supported with appropriate citations to admissible evidence.[1] The relevant facts are as follows:

---

[1] Although the Plaintiffs did not file a response, the Court notes that the facts presented by the Defendants include those derived from the deposition testimony given by each of the Plaintiffs.

In Fall 2005, the Plaintiffs resided in Porter County, Indiana, with their six children. Three of their children attended Porter Lakes Elementary School. The Plaintiffs are members of the Muslim religion, and, upon the Plaintiffs' request, the School gave their children permission to pray during school hours. The School also allowed Mrs. Syed to conduct a presentation at the school about the Islamic culture and Muslim religion.

Officer Hamady is an employee of the Lake County Sheriff's Department in Crown Point, Indiana. He lives in Porter County and in Fall 2005, his son was a student at Porter Lakes Elementary School in the same class as one of the Plaintiffs' daughters. Officer Hamady volunteered at the school and helped to establish a school safety program. One of his areas of focus concerned the procedures for private vehicles picking up children after school. As part of the program, the school required that all vehicles picking up students have a placard with the student's last name displayed on the passenger-side windshield. On one occasion while picking up his son after school, Officer Hamady noticed the Plaintiffs children get into a white van that did not have a Porter Lakes School identification placard displayed in the windshield. Neither the van's driver, who was a Middle Eastern man, or his female passenger were the Plaintiffs. Officer Hamady wrote down the license plate number of the van and when he went to work on the midnight shift, checked the license plate number through a computer database. The license plate number was registered to a white 1997 Pontiac van owned by Ahmed Abdeldaiem, Crown Point, Indiana. While he was checking the license plate number, an "alert" flashed on Officer Hamady's computer screen indicating that the license plate was on the Federal Bureau of Investigation's Terrorist Watch List in Washington, D.C., and instructed him to call the FBI-displayed telephone number within the next twenty minutes. Officer Hamady called the provided

4

telephone number and advised the person at the Terrorist Watch Center that a license plate number he was running triggered their alert. He indicated where he saw the van, that it was picking up the Plaintiffs' children, and that the Plaintiffs were not in the van when he saw it.

After his shift ended, Officer Hamady drove his marked squad car along the street where the Plaintiffs lived. He observed a blue van in their driveway bearing a license plate that did not match the one he saw on the white van. This was the only time that Officer Hamady drove by or near the Plaintiffs' residence. Neither of the Plaintiffs saw the Defendant on their street.

After Mrs. Syed made the presentation at the school regarding the Islamic culture and Muslim religion, several parents of children attending the School lodged complained about its appropriateness. Officer Hamady was not one of the parents who complained, nor did he personally object to the presentation. At a school board meeting, Officer Hamady and other members of the public addressed the board regarding the issue of prayer in school. They asked why Muslim children were given permission to pray during school hours but their children, who are of other religions or faiths, were not allowed to pray. The Plaintiffs were present and were also allowed to address the school board. The complaints voiced at the school board meeting were cited in a newspaper article. This same article referenced the terrorist alert that Officer Hamady received from the F.B.I. for the white van's license plate.[2]

Upset by the board meeting and the newspaper article, the Plaintiffs completed a Lake County Sheriff's Department Citizen Complaint Form, alleging that Officer Hamady had conducted surveillance on the Plaintiffs, harassed them, and called them terrorists. The Complaint was investigated by an internal affairs officer, who determined that it was unfounded.

---

[2] The newspaper article has not been designated as evidence for the Court's consideration.

**DISCUSSION**

To prevail in a § 1983 lawsuit, a plaintiff must show that the defendant deprived her of a federally-secured right while acting under color of state law. A defendant "acts under color of state law when he abuses the position given to him by the State." *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994) (quoting *West v. Atkins*, 487 U.S. 42, 49–50 (1988)). Thus, a defendant "must first possess power by virtue of state law [and] then misuse that power in a way that violated federal constitutional rights" to be liable under section 1983. *Id.* Importantly, an individual defendant cannot be held liable under section 1983 unless he "caused or participated in the alleged constitutional deprivation." *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). A municipality likewise cannot be held liable under section 1983 under respondeat superior. *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978). A municipality can only be held liable under § 1983 if "a municipal policy or custom caused the constitutional violation." *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 113 S. Ct. 1160, 1162 (1993).

**A.     First Amendment**

The Plaintiffs have sued the Defendants under 42 U.S.C. § 1983 for violating their First Amendment rights to the free exercise of their religion, freedom of speech, and freedom of assembly.

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of

speech, or. . . the right of the people peaceably to assemble." U.S. Const., amend. I. The First Amendment is applicable to the states and their subdivisions through the Fourteenth Amendment. *Employment Div., Dep't of Human Resources of Ore. v. Smith*, 494 U.S. 872, 877 (1990).

The guarantee of free exercise of religion grants citizens the right to believe and profess whatever religious doctrine they choose, and thus forbids government regulation of religious beliefs as such. *Id.* The Clause further prohibits government from imposing special disabilities on the basis of religious views or status or otherwise interfering with the practice of religious beliefs. *Id.*

The government violates the Free Speech Clause of the First Amendment when it excludes a speaker from a speech forum the speaker is entitled to enter. *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 865 (7th Cir. 2006). A claim under § 1983 for retaliation in violation of the First Amendment requires that the plaintiff's speech be constitutionally protected and, if so, that the defendants' actions be motivated by the plaintiff's protected speech. *See Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 668 (7th Cir. 2005) ("for a plaintiff to prevail in a political retaliation case, it is clear that two fundamental requirements must be satisfied; the expression at issue must be protected, and it must have brought about the retaliatory action complained of"); *Kokkinis v. Ivkovich*, 185 F.3d 840, 843 (7th Cir. 1999).

1. *Officer Hamady*

The Plaintiffs' Complaint is based on the allegation that Officer Hamady referred to the Plaintiffs as terrorists, conducted undercover surveillance, and engaged in a campaign to

discredit them. The designated evidence does not support these assertions. There is no evidence that Officer Hamady referred to the Plaintiffs as terrorists. The evidence is that he discovered that a license plate that was not associated with the Plaintiffs or their vehicle was on the FBI's Terrorist Watch List, and that he drove his marked squad car by the Plaintiffs' house on one occasion. There is no evidence that he attempted any undercover surveillance, or otherwise tracked the Plaintiffs' activities. The public statements attributed to Officer Hamady were those he made at a school board meeting, where he spoke as a private citizen who was exercising his own freedom of speech rights in a public forum. Mr. Syed acknowledged that the Defendant did not stop his wife from making a presentation at the school, did not stop the Plaintiffs from going to the school board meeting or tell them they could not speak, did not stop them from going to the mosque, and did not, in any way, prevent the Plaintiffs from practicing their Muslim religion. (Basit Syed Dep. 30–31, Ex. 2 to Defs.' Mem. of Law.)

No reasonable jury could find, on the basis of the designated evidence before this Court, that Hamady, acting under color of state law, caused a substantial burden to be placed on the Plaintiffs' observation of a central religious belief or practice. Hamady did not abuse his authority as a police officer, and in doing so, take action that compelled the Plaintiffs to do or refrain from doing anything of a religious nature or prevented them from speaking at a public forum. Defendant Hamady is entitled to judgment as a matter of law on the Plaintiffs' claims that he violated their rights to freedom of religion, freedom of speech, and freedom of assembly.

**2.**     *Lake County Sheriff's Department*

The Plaintiffs have sued Officer Hamady and Sheriff Dominguez in their official capacities. An official capacity suit is tantamount to a claim against the government entity itself. *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). "While a municipality is not vicariously liable under § 1983 for the acts of its employees, a constitutional deprivation may be attributable to a municipality when execution of a government's policy or custom . . . inflicts the injury." *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008) (quotation marks omitted). Here, the Court need not determine whether the Lake County Sheriff's Department should be answerable in this case because the Plaintiffs do not establish that they were deprived of a constitutional right. *See id.* (noting that the plaintiff's failure to show that she suffered a First Amendment injury precluded any recovery on her § 1983 *Monell* claim against the county and the sheriff for maintenance of unconstitutional policy).

The Court has already determined that the evidence does not support a claim that the actions of Officer Hamady violated the Plaintiffs' First Amendment rights. The Plaintiffs' only allegation against Sheriff Dominguez is that he did not inform them of the status of their citizen's complaint against Officer Hamady, and did not "help" them. (Basit Syed Dep. 4–7, Ex. 2 to Defs.' Mem. of Law; Ayesha Syed Dep. 48, 54, Ex. 1 to Defs.' Mem. of Law.) There is no evidence from which a reasonable jury could find that the actions of Sheriff Dominguez deprived the Plaintiffs of their constitutionally-protected rights. There is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law on the claims against them in their official capacities.

**B.**     **State Law Claims**

The Plaintiffs allege in their Complaint that the statements "in which Hamady called the Plaintiffs 'terrorists' are defamatory per se, insomuch as they impute criminal conduct to the Plaintiffs." (Compl. ¶ 19.) They also allege that Officer Hamady intentionally or, alternatively, negligently inflicted emotional distress on the Plaintiffs. (Compl., Counts III & IV.)

**1.**   *Defamation*

To prove defamation in Indiana, a plaintiff must show that the defendant made a communication with four elements: "1) defamatory imputation; 2) malice; 3) publication; and 4) damages." *Schrader v. Eli Lilly and Co.*, 639 N.E.2d 258, 261 (Ind. 1994). In an action for defamation per se, the damages are presumed. *Kelley v. Tanoos*, 865 N.E.2d 593, 597 (Ind. 2007). "Defamatory words are not actionable unless they refer to some ascertained or ascertainable person, and that person must be the plaintiff." *Schrader*, 639 N.E.2d at 261. "Any statement actionable for defamation must not only be defamatory in nature, but [also] false." *Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 136 (Ind. 2006).

A review of the designated evidence quickly reveals the shortcomings of this claim. The Plaintiffs admit in their deposition testimony that Officer Hamady and Sheriff Dominguez never referred to them as terrorists. Rather, the evidence upon which they base their claim is that a newspaper article used the word "terrorist" when relaying the alert that Hamady discovered while checking the white van. Not only was this information not false (Officer Hamady did receive a Terrorist Watch List alert when he ran the license plate of the white van), but it did not involve the Plaintiffs, who were not the owners or drivers of the van. Mrs. Syed assumed when she read the newspaper article that, because of the nature of the matters addressed at the school

board meeting, Officer Hamady was referring to the Plaintiffs when he relayed the information about the alert. (Ayesha Syed Dep. 23, Ex. 1 to Defs.' Mem. of Law.) Even construing the record in the light most favorable to the Plaintiffs, there is no evidence from which a jury could find the elements of a claim for defamation. Officer Hamady and Sheriff Dominguez are entitled to judgment as a matter of law.

The Defendants assert that they are entitled to an award of attorney's fees under Indiana's Anti-SLAPP (strategic lawsuit against public participation) act, Indiana Code § 34-7-7-7. "Strategic lawsuits against public participation (SLAPPs) are meritless suits aimed at silencing a plaintiff's opponents or at least at diverting their resources." *Hamilton v. Prewett*, 860 N.E.2d 1234, 1241–42 (Ind. Ct. App. 2007) (quotation marks omitted). Indiana's anti-SLAPP statute, adopted in 1998, applies "to an act in furtherance of a person's right of petition or free speech under the Constitution of the United States or the Constitution of the State of Indiana in connection with a public issue or an issue of public interest." Ind. Code § 34-7-7-1. It "is intended to reduce the number of lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." *Hamilton*, 860 N.E.2d at 1242. The act sets forth the "conditions under which rights of petition or free speech may be used as [a] defense," and provides:

> It is a defense in a civil action against a person that the act or omission complained of is:
> (1) an act or omission of that person in furtherance of the person's right of petition or free speech under the Constitution of the United States or the Constitution of the State of Indiana in connection with a public issue; and
> (2) an act or omission taken in good faith and with a reasonable basis in law and fact.

Ind. Code § 34-7-7-5. Under Indiana's statute, a motion to dismiss by the defendant "shall be

11

granted if the court finds that the person filing the motion has proven, by a preponderance of the evidence, that the act upon which the claim is based is a lawful act in furtherance of the person's right of petition or free speech under the Constitution of the United States or the Constitution of the State of Indiana." Ind. Code § 34-7-7-9(d). A defendant who prevails under the statute is entitled to attorney's fees. Ind. Code § 34-7-7-7; *Hamilton*, 860 N.E.2d at 1242 ("To reduce the number of lawsuits brought to chill speech, a defendant who prevails on a motion to dismiss under the anti-SLAPP statute is entitled to recover reasonable attorney's fees and costs."). Indiana courts have awarded attorney's fees under the anti-SLAPP statute where the plaintiffs were "attempting to silence media coverage of newsworthy events." *Hamilton*, 860 N.E.2d at 1248 (citing *Poulard v. Lauth*, 793 N.E.2d 1120 (Ind. Ct. App. 2003), and *Shepard v. Schurz Commn'cs, Inc.*, 847 N.E.2d 219 (Ind. Ct. App. 2006)).

The Defendants contend that the true intent of the Plaintiffs' lawsuit was not to redress any wrong that they suffered, but to chill Officer Hamady's right to speak on an issue of public interest, prayer in public school. The Defendants argue, therefore, that they are entitled to recover attorney's fees from the Plaintiffs. The defamation claim is not, on its face, directed at any speech that Hamady made at the school board meeting. The speech that the Plaintiffs challenge in their defamation claim relates to being called terrorists. *See* Compl. ¶ 19 (alleging that "statements made by Hamady to others in which Hamady called the Plaintiffs 'terrorists' are defamatory per se, insomuch as they impute criminal conduct to the Plaintiffs). Although the Plaintiffs appear to take issue with Officer Hamady's speech at the school board meeting, they do so under the rubric of their First Amendment rights, not in connection with their defamation claim. The Court finds that the Plaintiffs' defamation claim, while wholly without merit, was not

intended to chill Officer Hamady's right to speak in a public forum about prayer in public school. Accordingly, the Defendants' request for attorney's fees, as set forth in their Motion for Summary Judgment, is denied.

**2.**     *Intentional Infliction of Emotional Harm*

Indiana law provides protection for emotional injuries by way of a civil action for intentional infliction of emotional distress, also known as "outrage." *Cullison v. Medley*, 570 N.E. 2d 27, 31 (Ind. 1991). "It is the intent to harm one emotionally that constitutes the basis for the tort." *Id.* The elements of the tort are: a defendant (1) engages in extreme and outrageous conduct that (2) intentionally or recklessly (3) causes (4) severe emotional distress to another. *Id.* "The requirements to prove this tort are 'rigorous.'" *Branham v. Celadon Trucking Sers., Inc.*, 744 N.E.2d 514, 523 (Ind. Ct. App. 2001) (citing *Ledbetter v. Ross*, 725 N.E.2d 120, 124 (Ind. Ct. App. 2000)). Liability only attaches where the conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting Restatement (Second) of Torts § 46).

Here, the actions of which the Plaintiffs complain were not outrageous or extreme. Neither is there any suggestion that Officer Hamady, by his actions, intended to emotionally harm the Plaintiffs. Because the Plaintiffs cannot meet the rigorous requirements for the tort of intentional infliction of emotional distress, Officer Hamady is entitled to summary judgment on Count III of the Complaint.

### 3. *Negligent Infliction of Emotional Distress*

In Indiana, a plaintiff cannot recover for negligent infliction of emotional distress unless the plaintiff has suffered a direct physical impact. *Atl. Coast Airlines v. Cook*, 857 N.E.2d 989, 996–97 (Ind. 2006) (holding that Indiana's modified impact rule requires a plaintiff to demonstrate a direct physical impact resulting from the negligence of another.) Indiana has declined to adopt a less restrictive rule out of concern that it "would raise the potential for a flood of trivial suits, pose the possibility of fraudulent claims that are difficult for judges and juries to detect, and result in unlimited and unpredictable liability." *Id.* at 997.

Because none of the actions the Plaintiffs complain about involve a direct physical impact, Officer Hamady is entitled to summary judgment on Count IV of their Complaint.

### 4. *Failure to File a Notice of Tort Claim Act*

The Complaint names Hamady as a Defendant both in his individual and official capacity as a Lake County Police Officer. To the extent that the Plaintiffs intended to assert state law claims against the Lake County Sheriff's Department as the employer of Hamady, those claims are barred for failure to comply with the notice provisions of the Indiana Tort Claims Act (ITCA).

Indiana law provides that a claim against a political subdivision is barred unless notice is first filed with (1) the governing body of that political subdivision as well as the Indiana political subdivision risk management commission and (2) that such notice is made within 180 days after the loss occurs. Ind. Code § 34-13-3-8(a). A plaintiff must prove compliance with the Indiana Tort Claims Act notice requirement before trial. *Brown v. Alexander*, 876 N.E.2d 376, 383 (Ind.

Ct. App. 2007). Failure to provide the required notice creates an affirmative defense of noncompliance. *Id.* at 383–84. Once a defendant raises a failure to comply issue, the burden shifts to the plaintiff to prove compliance. *Id.* at 384.

In Defendant Hamady's Answer he asserts several affirmative defenses, including that "[a]ny and all state claims are barred by Plaintiffs['] failure to comply with the pre-suit notice requirements of the Indiana Tort Claims Act." (Answer, Aff. Defenses ¶ 4.) The Plaintiffs have not answered the Defendants' claim that they failed to comply with the pre-suit notice requirements of the ITCA, and any state claims against the Lake County Sheriff's Department must be dismissed.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment by All Defendants [DE 36] is GRANTED. The Clerk is directed to enter judgment in favor of Defendants Michael Hamady and Rogelio Dominguez and against Plaintiffs Basit Syed and Ayesha Syed. The claim for attorneys' fees that was included in the Defendants' Motion for Summary Judgment is DENIED.

SO ORDERED on March 12, 2010.

                                          s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT
                                         FORT WAYNE DIVISION